**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROOFERS' PENSION FUND; ROOFERS' UNIONS WELFARE TRUST FUND; CHICAGO ROOFERS' APPRENTICESHIP AND TRAINING FUND; ROOFING INDUSTRY ADVANCEMENT AND RESEARCH FUND; ROOFERS' LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND; NATIONAL ROOFING INDUSTRY PENSION PLAN; and UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS LOCAL NO. 11, | ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.:  21-cv-934<br><br>JUDGE:<br><br>MAG. JUDGE: |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | |
| J & F CHIATTELLO CONSTRUCTION, INC., an Illinois Corporation, | ) ) ) | |
| Defendant. | ) ) | |

## **COMPLAINT**

NOW COME the Plaintiffs, the ROOFERS' PENSION FUND, the ROOFERS' UNIONS WELFARE TRUST FUND, the CHICAGO ROOFERS' APPRENTICESHIP AND TRAINING FUND, the ROOFING INDUSTRY ADVANCEMENT AND RESEARCH FUND, the ROOFERS' LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND, the NATIONAL ROOFING INDUSTRY PENSION PLAN, and the UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS LOCAL NO. 11, by and through their attorneys JOHNSON & KROL, LLC, and complain of the Defendant J & F CHIATTELLO CONSTRUCTION, INC. ("JFCCI") as follows:

## JURISDICTION AND VENUE

1.      This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185, 1132, and 1145, as well as 28 U.S.C. § 1331.

2.      Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2) in that the ROOFERS' PENSION FUND ("PENSION FUND"), and the ROOFERS' UNIONS WELFARE TRUST FUND ("WELFARE FUND") are administered at 2021 Swift Drive, Suite B, Oak Brook, Illinois, and the CHICAGO ROOFERS' APPRENTICESHIP AND TRAINING FUND ("TRAINING FUND") is administered at 7045 Joliet Road, Indian Head Park, Illinois, and pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3.      The WELFARE FUND, PENSION FUND, and TRAINING FUND receive contributions from numerous employers pursuant to the Standard Working Agreement ("SWA") negotiated between the UNITED UNION OF ROOFERS, WATERPROOFERS, AND ALLIED WORKERS LOCAL NO. 11 ("LOCAL 11") and the Labor Relations Group of the Chicago Roofing Contractors Association, Inc. ("CRCA") and therefore, are multiemployer plans under 29 U.S.C. § 1002.

4.  The ROOFERS' LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND ("PROMOTIONAL FUND") is a labor management cooperation committee that is administered in Westchester, Illinois.

5.  The ROOFING INDUSTRY ADVANCEMENT AND RESEARCH FUND ("INDUSTRY FUND") is an industry improvement fund administered in Hillside, Illinois.

6.  The NATIONAL ROOFING INDUSTRY PENSION PLAN ("NRIPP") is a multiemployer defined benefit pension plan with its principal place of business located in Bloomington, Minnesota.

7.  JFCCI is an Illinois corporation with its principal place of business in Dyer, Indiana.

## COUNT I
## BREACH OF CONTRACT

8.  Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9.  JFCCI executed a Memorandum of Understanding on August 20, 2018, whereby it agreed to be bound by the terms of the SWA. (A copy of the Memorandum of Understanding is attached as **Exhibit 1**); (A copy of the SWA in effect from June 1, 2018, through May 31, 2021 is attached as **Exhibit 2**).

10. Pursuant to the terms and conditions set forth in the SWA, JFCCI also became bound by the provisions of the Agreements and Declarations of Trust which created the PENSION FUND, WELFARE FUND, TRAINING FUND, INDUSTRY FUND, PROMOTIONAL FUND, and NRIPP (hereinafter referred to as the "TRUST FUNDS").

11. Pursuant to the Agreements and Declarations of Trust that created the TRUST FUNDS (hereinafter referred to as the "Trust Agreements"), the Trustees adopted the Employer

Collection and Audit Procedures ("Collection Procedures") to administer the collection of contributions from employers.

12. The provisions of the SWA, Trust Agreements, and Collection Procedures require JFCCI to make monthly reports of hours worked by bargaining unit employees and pay contributions to the TRUST FUNDS, the INDUSTRY FUND, and the PROMOTIONAL FUND for each hour worked pursuant to the SWA at the negotiated rate. The monthly remittance reports and contributions during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

13. Pursuant to the terms of the SWA, employers are required to deduct a dues assessment for each hour worked by its employees under the SWA from its employees' wages and remit the deduction to LOCAL 11 on a monthly basis. The dues during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

14. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132) and the provisions of the SWA, Trust Agreements, and Collection Procedures, employers who fail to timely submit their monthly remittance reports and contributions to the TRUST FUNDS, the INDUSTRY FUND, and the PROMOTIONAL FUND, and dues to LOCAL 11, on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the prime rate as published by the Wall Street Journal plus four (4) percentage points per annum for each month that contributions remain unpaid, plus any reasonable attorneys' fees and costs of maintaining suit.

15.     In order to verify compliance with the SWA, Trust Agreements, and Collection Procedures, the TRUST FUNDS, the INDUSTRY FUND, the PROMOTIONAL FUND, and LOCAL 11 may perform a payroll compliance audit of an employer at any time.

16.     Further, Article X, Section 12 of the SWA provides in pertinent part that:

> The Employer shall furnish to the Trustees of any trust fund to which contributions are obligated by this Working Agreement, upon written request of each such trust fund, such information and reports as the Trustees or their Auditor may require in the performance of their duties, including, but not limited to: each employee's payroll records (regardless of craft or occupation) . . . check registers that include cash disbursement journals, cancelled checks and check stubs . . . any other financial records deemed necessary by the Auditor to enable the Auditor to render the necessary opinions.

(**Exhibit 2**).

17.     Pursuant to the provisions of the SWA, Trust Agreements, and Collection Procedures, Plaintiffs ordered that an audit be conducted of JFCCI's records for the period of August 1, 2018, through June 30, 2020.

18.     On several occasions, Plaintiffs' auditor has contacted JFCCI requesting copies of records and documents required to complete a payroll compliance audit.

19.     JFCCI has refused to cooperate with the requests for these records to complete the audit.

20.     A payroll audit of JFCCI is necessary to determine the exact amount of damages owed by JFCCI.

21.     JFCCI owes the Plaintiffs all contributions, union dues, liquidated damages, interest, and audit fees revealed to be due and owing by the payroll compliance audit, in addition to any other contributions, union dues, liquidated damages, interest, fees or costs which may become due and owing.

22.     Plaintiffs have complied with all conditions precedent in bringing this suit.

23.     Defendant JFCCI is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the SWA, Trust Agreements, Collection Procedures, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A.      That this Honorable Court enter an order requiring Defendant JFCCI to comply with a payroll compliance audit for the period of August 1, 2018, through June 30, 2020, and produce any and all records necessary to complete the audit;

B.      That Judgment be entered in favor of Plaintiffs and against Defendant JFCCI for all contributions, union dues, liquidated damages, and interest revealed by the payroll compliance audit, along with the costs of the audit;

C.      That Judgment be entered in favor of Plaintiffs and against Defendant JFCCI for all other contributions, union dues, liquidated damages, interest, fees or costs which may become due and owing;

D.      That Defendant JFCCI be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the SWA, Trust Agreements, Collection Procedures, and 29 U.S.C. §1132(g)(2)(D); and

E.      That Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant JFCCI's cost, pursuant to 29 U.S.C. §1132(g)(2)(D).

Respectfully Submitted,

**ROOFERS' PENSION FUND** *et al.*

/s/ William M. Blumthal, Jr. - 6281041
One of Plaintiffs' Attorneys

**JOHNSON & KROL, LLC**
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 757-5477
blumthal@johnsonkrol.com